# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 11-243(1) (DWF/SER)

               Plaintiff,

v.                                                 **ORDER ADOPTING REPORT**
                                             **AND RECOMMENDATION**

Ricky W. Mariano,

               Defendant.

---

Laura M. Provinzino, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Daniel L. Gerdts, Esq., Daniel L. Gerdts, Lawyer, counsel for Defendant Ricky W. Mariano.

---

This matter is before the Court upon Defendant Ricky W. Mariano's objections (Doc. No. 241) to Magistrate Judge Steven E. Rau's November 22, 2011 Report and Recommendation (Doc. No. 230) insofar as it recommends that Defendant's Motion to Suppress All Evidence Obtained from Unlawful Searches and Seizures be denied.  The Government filed a response to Defendant's objections on December 20, 2011.  (Doc. No. 252.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.  Having carefully reviewed the record and for the reasons stated herein, the Court concludes that Defendant's objections offer no basis for departure from the Report and Recommendation.

In particular, Defendant disputes the Magistrate Judge's recommendation with respect to Defendant's motion to suppress evidence seized from his residence on January 31, 2011.  Defendant maintains that the warrant issued for the residence lacks particularity as required by the Fourth Amendment.  Specifically, Defendant claims that investigators involved in this case knew that there were "multiple units" at the address to be searched and failed to disclose this fact to the judge who signed the warrant and thus "failed to limit the scope of [the] warrant requested to the unit for which they actually had probable cause."  (Doc. No. 241 at 5.)  Defendant relies on *Maryland v. Garrison*, 480 U.S. 79 (1987), in support of his contention that law enforcement knowingly withheld information in order to obtain an overbroad warrant.  (*Id.* at 5-6.)

The search warrant at issue describes the premises to be searched only as a specific address on Labore Road in Vadnais Heights, MN.  (Pl. Ex. 8-A.)  The residence is not identified as a single family home or a multi-unit apartment, nor is it identified by a specific unit or apartment number or dwelling type.  (*See id.*)  The affidavit in support of the search warrant states that co-defendant Sarrah Vail represented to law enforcement that she lived at the address and that she and Benjamin Dolan receive mail at the address.

2

(*Id.*)  The affidavit further states that, pursuant to surveillance, "Benjamin Dolan was seen entering the upstairs of this residence."  (*Id.*)  Defendant Mariano is not mentioned by name in the affidavit.  (*See id.*)

Defendant has submitted no evidence that law enforcement knew that the address, in fact, contained multiple apartments or separate units at the time they applied for the search warrant.  The record is notably lacking with respect to the facts and circumstances surrounding the application and execution of the warrant as well as the makeup of the home.  Furthermore, there is no evidence that the post office delivers mail to separate apartment units at the address.  While Exhibit 9 suggests that there may be an upper and lower unit to the residence, it further (and apparently erroneously) suggests that Defendant Mariano (the presumed "suspect") also lived on the upper floor.  (Def. Ex. 9 ("The suspect lives [in] the upper unit with his girlfriend.  The only access to the unit is from the rear."); *see* Doc. No. 230 at 4-5, n.4.)  Additionally, the disclosure that "Benjamin Dolan was seen entering the upstairs of this residence" in the search warrant affidavit was included in the application and renders any perceived distinction between the upper and lower level occupants to be nebulous at best, especially in light of the representation in the search warrant affidavit that Sarrah Vail and Benjamin Dolan receive mail at the address on Labore Road, rather than at a particular unit or apartment number at that address.  There is no evidence that law enforcement knew or should have known that three different individuals, living in two separate apartments, occupied the

residence at the time of the search warrant application, or that they withheld such information from the issuing judge.

Even assuming, without deciding, however, that the warrant should have been limited to a specific unit, Defendant has not demonstrated that the evidence should be suppressed. The Court concludes that the *Leon* good faith exception applies to the execution of the warrant. *See United States v. Leon*, 468 U.S. 897, 913 (1984) (establishing that reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate should be admissible in the prosecution's case in chief). Additionally, the evidence which Defendant seeks to suppress was found in the basement/laundry room (*see* Gov't Ex. 2), a common area of the residence, reasonably within the scope of a search of either "unit." *See United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999). Moreover, it appears that co-defendant Dolan led law enforcement to the evidence in the basement pursuant to a separate consent search conducted after the execution of the warrant. (*See* Tr. 52.)

Defendant has failed to demonstrate that law enforcement violated his constitutional rights so as to preclude the admission of the evidence against him. Consequently, Defendant is not entitled to suppression of the evidence seized from the residence on Labore Road, and his objections are properly overruled.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

4

**ORDER**

1.      Defendant Ricky W. Mariano's objections (Doc. No. [241]) to Magistrate

Judge Steven E. Rau's November 22, 2011 Report and Recommendation are

**OVERRULED**.

2.      Magistrate Judge Steven E. Rau's November 22, 2011  Report and

Recommendation (Doc. No. [230]) is **ADOPTED** for the reasons stated herein.

3.      Defendant Ricky W. Mariano's Motion to Suppress All Electronic

Surveillance Evidence and Any Evidence Derived Therefrom (Doc. No. [155]) is

**DENIED as moot**.

4.      Defendant Ricky W. Mariano's Motion to Suppress All Identifications of

Defendant Obtained Through Unlawful Identification Procedures (Doc. No. [156]) is

**DENIED as moot**.

5.      Defendant Ricky W. Mariano's Motion to Suppress All Evidence Obtained

from Unlawful Searches and Seizures (Doc. No. [157]) is **DENIED**.

6.      Defendant Ricky W. Mariano's Motion to Suppress Statements Made by

Defendant (Doc. No. [158]) is **DENIED**.


Dated:  January 13, 2012            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge