**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 11-243(1) (DWF/SER) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Ricky W. Mariano, | |
| Defendant. | |

Laura M. Provinzino, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Daniel L. Gerdts, Esq., Daniel L. Gerdts, Lawyer, counsel for Defendant Ricky W. Mariano.

This matter is before the Court upon Defendant Ricky W. Mariano's objections (Doc. No. 317) to Magistrate Judge Steven E. Rau's February 17, 2012 Report and Recommendation (Doc. No. 315) insofar as it recommends that Defendant's Motion to Compel Production of *Brady* Evidence, Second Motion to Suppress Statements, and Second Motion to Suppress Evidence Obtained from Unlawful Searches and Seizures be denied. The Government filed a response to Defendant's objections on February 28, 2012. (Doc. No. 322.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections. Having carefully reviewed the record and for the reasons stated herein, the Court concludes that Defendant's objections offer no basis for departure from the Report and Recommendation.

With respect to the motion to compel, Defendant contends that the Government has withheld information related to a photographic lineup bearing Defendant's image–in particular, a store clerk's identification of another individual in the array. Defendant seeks to compel "all information related to the police interview of the witness." (Doc. No. 317 at 4.) The Court denies the motion to compel as moot in light of the Government's representation that all documentation within its possession pertaining to the photo array and identifications made related thereto (of any individual) have been disclosed to Defendant. (Doc. No. 322 at 2-3.) Defendant's motion seeks an order "requiring the Government to disclose and produce all agent reports, notes, e-mails, or memoranda of any kind having to do with their [sic] interview of the paint store clerk or the identity of the person she identified as the perpetrator of the crime." (Doc. No. 292 at 3.) It appears to the Court that all such material has been produced to Defendant. In the event that any such writings, agent notes, e-mails, memoranda, reports or other materials have not been disclosed, the Court hereby orders the Government to produce the evidence forthwith.

Defendant also claims that the November 23, 2010 warrant and inventory seized pursuant to a search of the Labore Road residence on January 31, 2011, is inadmissible.

The Court previously concluded that, with respect to the search of the residence, Defendant failed to demonstrate that law enforcement violated his constitutional rights and that Defendant was not entitled to suppression of evidence seized therefrom.  (Doc. No. 262 at 4.)  Any evidentiary challenge pertaining specifically to the November 23, 2010 search inventory found in Defendant's bag should be addressed to the Court as a motion *in limine*.  The motion to suppress evidence obtained from the search is properly denied.

With respect to the motion to suppress statements, Defendant has demonstrated no basis upon which to warrant suppression of Defendant's *Mirandized* statements to law enforcement on May 18, 2011.  *See United States v. Edwards*, 563 F. Supp. 2d 977, 994 (D. Minn. 2008) ("At the end of the day, as the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements or a witness identification should be suppressed."); *see also Alderman v. United States*, 394 U.S. 165, 183 (1969) (holding that defendants seeking to suppress evidence must present "specific evidence demonstrating taint").

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1.    Defendant Ricky W. Mariano's objections (Doc. No. [317]) to Magistrate Judge Steven E. Rau's February 17, 2012 Report and Recommendation are **OVERRULED**.

2.    Magistrate Judge Steven E. Rau's February 17, 2012 Report and Recommendation (Doc. No. [315]) is **ADOPTED** for the reasons and to the extent set forth herein.

3.    Defendant Ricky W. Mariano's Motion for an Order to Compel Production of *Brady* Evidence Withheld by the Prosecution (Doc. No. [292]) is **DENIED AS MOOT**.[1]

4.    Defendant Ricky W. Mariano's Supplemental Motion to Suppress Electronic Surveillance Evidence (Doc. No. [293]) is **DENIED**.

5.    Defendant Ricky W. Mariano's Second Motion to Suppress Evidence Obtained from Unlawful Searches and Seizures (Doc. No. [294]) is **DENIED**.

---

[1] The Court denies the motion to compel as moot in light of the Government's representation that all documentation within its possession pertaining to the photo array and identifications made related thereto (of any individual) have been disclosed to Defendant. In the event that any writings, agent notes, e-mails, memoranda, reports or other materials pertaining to the interview of the store clerk have not been disclosed, the Court hereby orders that the Government produce the evidence forthwith.

      6.      Defendant Ricky W. Mariano's Second Motion to Suppress Statements Made by Defendant (Doc. No. [295]) is **DENIED**.

Dated:  March 2, 2012          <u>s/Donovan W. Frank</u>
                                    DONOVAN W. FRANK
                                    United States District Judge